**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TROY MALLORY, Individually and For Others Similarly Situated,**<br><br>v.<br><br>**DEMARK, INC.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**COLLECTIVE ACTION ORIGINAL COMPLAINT**

**SUMMARY**

1. Demark, Inc. ("Demark") failed to pay Troy Mallory ("Mallory"), and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.*

2. Instead, Demark paid Mallory, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Mallory brings this collective action to recover unpaid overtime and other damages.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of Demark's business is conducted in this District.

6. Demark is a Delaware corporation that maintains its headquarters within this District.

**THE PARTIES**

7. Mallory was an hourly employee of Demark. His written consent is attached as Exhibit A.

## COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Demark was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Demark was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Demark was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and the Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

12. Demark is a professional consulting and engineering firm that provides expertise and support services to major projects in the power industry across the United States and internationally.

13. Mallory was an hourly employee of Demark.

14. Mallory was hired around June of 2015.

15. Mallory left Demark's employment near the end of October 2016.

16. Demark paid Mallory by the hour.

17. Demark paid Mallory $70.00 per hour.

18. Mallory reported the hours he worked to Demark on a regular basis.

19. If Mallory worked fewer than 40 hours in a week, he would be paid only for the hours he worked.

20. Mallory normally worked more than 40 hours in a week.

21. For example, in the two-week period ending on December 20, 2015, Mallory worked 120 hours.

22. For those two weeks, Demark paid Mallory for 120 hours at his hourly rate of $70.00 an hour.

23. The hours Mallory worked are reflected in Demark's records.

24. Demark paid Mallory at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

25. Rather than receiving time and half as required by the FLSA, Mallory only received "straight time" pay for overtime hours worked.

26. This "straight time for overtime" payment scheme violates the FLSA.

27. Demark was aware of the overtime requirements of the FLSA.

28. Demark nonetheless failed to pay certain hourly employees, such as Mallory, overtime.

29. Demark's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

30. Demark's illegal "straight time for overtime" policy extends beyond Mallory.

31. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

32. Demark has paid hundreds of hourly workers using the same unlawful scheme.

33. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

34. The workers impacted by Demark's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All hourly employees of Demark, Inc. who were, at any point in the past 3 years, paid "straight time for overtime."**

### CAUSE OF ACTION

35. By failing to pay Mallory and those similarly situated to him overtime at one-and-one-half times their regular rates, Demark violated the FLSA's overtime provisions.

36. Demark owes Mallory and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

37. Because Demark knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Demark owes these wages for at least the past three years.

38. Demark is liable to Mallory and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

39. Mallory and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

40. Mallory prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Mallory and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

      c.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

      d.      All such other and further relief to which Mallory and those similarly situated to him may show themselves to be justly entitled.

      Respectfully submitted,

By: /s/ Douglas M. Werman
    One of Plaintiff's Attorneys

Douglas M. Werman
dwerman@flsalaw.com
**WERMAN SALAS, P.C.**
77 West Washington Street
Suite 1402
Chicago, IL 60602
312-419-1008 – Telephone
312-419-1025 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
Texas Bar No. 24056278
rschreiber@mybackwages.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

5